IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY REYNOLDS,<br><br>             Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | 8:21CV61<br><br>**PROTECTIVE ORDER** |

THIS MATTER is before the Court on the parties' Joint Motion for Protective Order. (Filing No. 21.) The motion is granted. Accordingly,

**IT IS ORDERED THAT:**

1. Confidential Information will include confidential or proprietary business information. For purposes of this Order, the following categories of documents and information will generally be considered "Confidential Information" and subject to this Protective Order:

   - Plaintiff, Mary Reynold's, medical or healthcare records;
   - Plaintiff's tax records; and
   - Confidential or proprietary business information.

2. Confidential Information subject to this Protective Order may, depending on the content, be included in a variety of documents, including but not limited to, Agency records, documents produced pursuant to written discovery, answers to interrogatories, responses to requests for admission, deposition testimony, including all copies thereof, and other information disclosed in the context of discovery of this case by either party or disclosed pursuant to the discovery procedures created by the Federal Rules of Civil Procedure.

3. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case, *Mary Reynolds v. United States of America*, and will not be used in any other litigation.

4. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case;

    b. any person who previously received or authored the materials;

    c. persons regularly employed or associated with the attorneys actively working on the case;

    d. Plaintiff, Mary Reynolds*;*

    e. Defendant and Representatives of Defendant;

    f. treating medical providers, expert witnesses, and consultants retained in connection with this proceeding;

    g. mediators, facilitators, or other persons retained by the parties to assist in the resolution of this matter, and their staff;

    h. the Court and its employees ("Court Personnel");

    i. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

    j. deponents, witnesses, or potential witnesses;

    k. at hearings or trial, to the extent admissible.

5. Prior to disclosing any Confidential Information to any person listed above (other than counsel, Plaintiff, Defendant and Representatives of Defendant, persons employed by counsel, mediators and facilitators, Court Personnel, and stenographic reporters), counsel shall inform such person that the document(s) being provided are subject to the Protective Order.

6. Documents shall be designated as Confidential Information by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "**CONFIDENTIAL**" or "**SUBJECT TO PROTECTIVE ORDER**" or a substantially similar designation. If the document did not originate from the party seeking to affix the Confidential Information label, or was not produced in this action by that party, the Confidential Information designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing Confidential Information. Subject to the procedures in Paragraph 8, upon such notice the document will be treated as Confidential Information within the meaning of this Protective Order. In addition, "any medical records, tax records, and/or employment records of the Plaintiff that are provided to Defendant from a third-party pursuant to a subpoena shall be treated and deemed Confidential Information without the need of written notice as provided herein.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as confidential by counsel and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information as Confidential Information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation as

Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  Such motion must generally be filed within thirty (30) days after submitting written objection to the Confidential Information designation.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

9. Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation.  If any Confidential Information must be filed with the Court, such Confidential Information shall be filed under seal, restricted access or redacted, as appropriate.

10. At the conclusion of this case, each document and all copies thereof which have been designated as Confidential Information shall be returned to the party designating them as confidential.  The parties may agree to destroy documents containing Confidential Information by way of a mutually agreed-upon procedure.

11. A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order.  Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

12. This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.  This Protective Order is without prejudice to the right of any party to admit Confidential Information

as evidence or in this action contest the admissibility, discoverability, or privileged status of any document or information.

Dated this 21st day of July, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

...

as evidence or in this action contest the admissibility, discoverability, or privileged status of any document or information.

Dated this 21st day of July, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge